Joseph F. Bermudez, Esq,
Catherine T. Begley, Esq.
Nace Naumoski, Esq.
STEWART | SMITH
357 S. McCaslin Blvd., Ste. 225
Louisville, CO 80027
jbermudez@stewartsmithlaw.com
cbegley@stewartsmithlaw.com
nnaumoski@stewartsmithlaw.com
*Attorneys for Non-Party, Onions 52, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNTONETTE SARTORI, an individual, <br><br> Plaintiff <br><br> vs. <br><br> THOMSON INTERNATIONAL, INCORPORATED, a California corporation, <br> DOES ENTITIES 1-10 <br><br> Defendants. | Case No. 1:22-cv-00027-JLT-CDB <br><br><br> **STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION PURSUANT TO FRCP 26(c) AND L.R. 141.1** |

## STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(c) AND LOCAL RULE 141.1

This matter having come before the Court by stipulation of plaintiff Anntonette Sartori ("Plaintiff"), defendant Thomson International Incorporated ("Thomson") (collectively "Receiving Parties") and non-party Onions 52, Inc. ("Onions 52" or "Producing Party") (collectively, the "Parties" and individually, a "Party"), for the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 141.1, limiting the review, copying, dissemination, and filing of confidential or proprietary documents and information to be produced by Onions 52 and their respective counsel in the course of discovery in this matter to the extent set

forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

**1.      Definition of Confidential Information**

For purposes of this Agreement, "Confidential Information" means all information, documents or other material (collectively, "Information") produced, provided, supplied or disclosed in the above-captioned action (the "Litigation") that the Producing Party in good faith considers confidential, proprietary, or not otherwise publicly available, including, without limitation, Information that constitutes or contains a trade secret or other confidential research, development, commercial, sensitive, proprietary, or information that is subject to the attorney-client, attorney work product, settlement communication, common interest or any other applicable privilege or protection.

"Confidential Information" also means all Information (1) that is produced, provided, supplied or disclosed in the Litigation that the Producing Party in good faith considers highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party; or (2) that is considered confidential by way of agreement between the Producing Party and any other party and is marked with the legend "Confidential by Third Party Agreement."

Confidential Information includes all Information identified in any fashion by the Producing Party and/or its counsel or other representatives as "Confidential" or "Confidential by Third Party Agreement" and produced, provided, supplied or disclosed in this Litigation, including, without limitation, in response to written discovery requests, requests for production, subpoenas or deposition notices, at depositions, or in response to any other discovery requests. The identification of Information as either "Confidential" or "Confidential by Third Party Agreement"

shall not exclude the potential applicability of another confidentiality label, such that Information identified as "Confidential by Third Party Agreement" may also constitute information that is independently "Confidential" under this Agreement.

       **2.**       **Use of Confidential Information**

Confidential Information shall be used by the Receiving Parties or entity to whom disclosure of Confidential Information is authorized hereunder only for purposes necessary to the Litigation; provided, however, that it shall not be a violation of this protective order for Onions 52 or Thomson to use Confidential Information in other litigation in which they are parties as long as a protective order protecting Confidential Information is entered in such other litigation. Confidential Information shall not be used in or for any other litigation or potential litigation, except as stated above. Confidential Information may be disclosed by the Producing Party and Receiving Parties only as expressly agreed to herein. This Agreement does not restrict or otherwise affect the rights of a Party who seeks to use its own Confidential Information.

       **3.**       **Designation of Confidential Information**

Information that the Producing Party deems to contain or constitute Confidential Information shall be marked or identified as "Confidential" or "Confidential by Third Party Agreement" on all copies thereof, or, if necessary for material which cannot be conveniently designated in this matter (such as models or electronic files), by separate written statement and/or by so labeling the media on which those materials are produced.

Information produced by the Producing Party, but not designated as Confidential Information by the Producing Party, may be designated as Confidential Information by any other Party by way of written notification to all Parties that such Information is "Confidential" or "Confidential by Third Party Agreement." The Parties must treat such Information as Confidential Information from the date such notice is received. Disclosure of such Information prior to receipt

of such notice is not a violation of this Agreement, but any Producing Party and Receiving Parties who disclosed the Information prior to receipt of such notice shall: (i) request that the person or entity to whom it made disclosure immediately return the Confidential Information if said person or entity is not authorized hereunder to receive Confidential Information; and (ii) inform the person or entity to whom disclosure was made that the Information now designated as Confidential Information must be treated as such in accordance with this Agreement if said person or entity is authorized hereunder to receive Confidential Information.

The Producing Party or Receiving Parties may designate Information disclosed at a deposition upon oral examination as Confidential Information by: (i) specifying on the record at the deposition that the Producing Party's Confidential Information is being disclosed, in which case the court reporter shall separate the portion of the deposition transcript designated as "Confidential Information" from the balance of the deposition transcript and mark the cover page of the separate section of the deposition transcript with the following: "Confidential Information Pursuant to Confidentiality Agreement"; or (ii) giving written notice to the Receiving Parties of the pages of the deposition transcript containing Confidential Information within thirty (30) days after receiving the deposition transcript.  All deposition testimony shall be treated as Confidential Information until forty-five (45) days after the date the court reporter circulates the deposition transcript to the Producing Party or Receiving Parties who, at the time of the deposition, requested a copy of the deposition transcript, after which time the deposition testimony shall no longer be treated as Confidential Information unless it was designated as such pursuant to this Paragraph or subsequently is designated as such pursuant to Paragraph 4, below.

4.    **Inadvertent Production of Confidential Information and Subsequent Designation**

Failure to designate Information as Confidential Information at the time of its initial production or disclosure shall not constitute a waiver of any claim by the Producing Party that such Information is Confidential Information. The Producing Party who did not designate Information as Confidential Information at the time of its production or disclosure may, by written notice to all other Parties at any time thereafter, designate such Information as Confidential Information.  The Producing Party who so designates such Information as Confidential Information after its initial production or disclosure shall provide the Receiving Parties additional copies of any such Information it is newly designating as Confidential Information with the "Confidential" or "Confidential by Third Party Agreement" designation and the Receiving Parties shall make their best efforts to either return or destroy their original copies of the Information that did not bear the "Confidential" or "Confidential by Third Party Agreement"  designation.  Disclosure of such Information prior to receipt of such notice is not a violation of this Agreement, but any Party who disclosed the Information prior to receipt of such notice shall: (i) request that the person or entity to whom it made disclosure immediately return the Confidential Information if said person or entity is not authorized hereunder to receive Confidential Information; and (ii) inform the person or entity to whom disclosure was made that the Information now designated as Confidential Information must be treated as such in accordance with this Agreement if said person or entity is authorized hereunder to receive Confidential Information.

5.    **Authorized Disclosure of Confidential Information**

Confidential Information shall not be disclosed to any person or entity other than the following:

(a)     Counsel retained or employed by the Producing Party and Receiving Parties and their respective employees, contract attorneys, and administrative support personnel (including those persons and firms engaged in the copying or organization or conversion of documents from or to electronic media) retained by counsel for purposes necessary to this Litigation;

(b)     The Producing Party and Receiving Parties and their respective directors, officers, employees, agents and administrators who would have access to such information in the normal course of their employment or activities on behalf of a Party or to whom a Party deems it necessary to disclose Confidential Information for purposes necessary to this Litigation;

(c)     Former employees and former counsel of a Party who are assisting the Party in activities necessary to this Litigation;

(d)     Experts, consultants and investigators retained by any Party in connection with this Litigation;

(e)     Any court reporter, typist, or videographer rendering services in the Litigation;

(f)     Any potential witness, and persons called to testify at any deposition, hearing, or trial in the Litigation, and his or her counsel;

(g)     The judge, jury and court staff during the trial of the Litigation or any hearing conducted in connection with the Litigation;

(h)     Any insurer, reinsurer, retrocessionaire, auditor, regulator or other entity or person, including any governmental regulatory body;

(i)     Any mediator, arbitrator, special discovery master, or provider of alternative dispute resolution services retained by two or more Parties in connection with this Litigation;

(j)     Contractors, or employees of contractors, who are retained by a Party or Parties and involved in organizing, filing, duplicating, coding, converting, storing or retrieving data or designing programs for handling data in connection with this Litigation, including the performance of such activities relating to a computerized litigation support system;

(k)     Pursuant to Court Order; or

(l)     Any person or entity agreed to in writing by the Parties.

Before any disclosure of Confidential Information to any person described in Paragraph 5(c), (d), (i) and (j), counsel for the receiving Party shall provide said person's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by the terms hereof. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party at the time of the disclosure of the information, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

If the Producing Party or Receiving Parties, or their counsel is made aware of a motion, order, subpoena, deposition notice or any other request (collectively, "Request") in any action or proceeding other than this Litigation seeking disclosure of Confidential Information, counsel for such Party shall notify counsel for the Parties as soon as reasonably practicable, but in no event later than five (5) business days after counsel for such Party becomes aware of any such Request.

**6.       No Evidentiary Effect of Confidential Information Designation**

The designation, or lack thereof, of Information as "Confidential" or "Confidential by Third Party Agreement" shall have no evidentiary force or effect in this case.  The Parties agree and acknowledge that this Agreement does not expand, diminish or eliminate the right of any Party to seek discovery of and/or to object to the production of any Information for any reason including, but not limited to, because such Information constitutes or contains Confidential Information.  The Parties further agree that nothing herein shall preclude a Party who designated Information as "Confidential" or "Confidential by Third Party Agreement" from objecting to any use in the Litigation of any such Confidential Information by any other Party.

**7.       Challenges to Designation of Confidential Information**

The designation of Information as "Confidential" or "Confidential by Third Party Agreement" is intended solely to facilitate discovery in the Litigation.  Neither such designation nor the treatment of any such designated Information in conformity with this Agreement is or shall be construed as an admission or agreement by any Party that the designated Information contains or constitutes Confidential Information as defined in Paragraph 1, above.

The designation of Information as "Confidential" or "Confidential by Third Party Agreement" is subject to challenge.  The following procedures shall apply to any such challenge:

(a)       A Party who contends that Information designated as "Confidential" or "Confidential by Third Party Agreement" is not Confidential Information as defined in Paragraph 1, above, shall give written notice to the Producing Party of the specific basis for the challenge. Within fifteen (15) days of the Producing Party's receipt of the written notice, the interested Parties shall meet and confer to determine if the dispute can be resolved without judicial intervention.  If the dispute is not resolved, the Party challenging the designation shall have twenty-one (21) days after the date of the conclusion of meet and confer efforts to move the court for an Order removing

8

the Confidential designation.  The Producing Party shall bear the burden of proving that the Information is Confidential Information as defined in Paragraph 1, above.

(b)    Notwithstanding any challenge under subparagraph (a), above, to the designation of Information as Confidential Information, all Information designated as "Confidential" or "Confidential by Third Party Agreement" shall continue to be treated as such and be subject to the full protection of this Agreement unless and until one of the following occurs:

(i)    the Producing Party withdraws such designation in writing; or

(ii)   the Court rules that the Information should no longer be designated as Confidential Information.

(c)    Challenges to the designation of Information as Confidential Information may be made at any time and are not waived by the failure to raise the challenge at the time of initial designation.

(d)    Notwithstanding the above, no Party shall use anything in this Agreement as the basis for any argument to expand or modify any Order of the Court in this Litigation regarding the discoverability of Information that any Party objected to as confidential, proprietary, irrelevant, non-responsive or privileged and/or limit the Parties' ability to challenge or appeal any such Order.

**8.    Submission of Confidential Information to Court**

a.    A Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents that have previously been designated as comprising or containing Confidential Information, and any pleading, brief or memorandum that reproduces, paraphrases or discloses Confidential Information, shall provide all other parties with seven business days' written notice of its intent to file such material with the Court, so that the Producing Party may file by Order to Show Cause a motion to seal such Confidential Information.

The Confidential Information shall not be filed until the Court renders a decision on the motion to seal.  In the event the motion to seal is granted, all documents that are the subject of the order to seal shall be filed in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL-SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents that are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except by order of the Court or consent of all the parties. Violation hereof may be regarded as contempt of the Court."

   b. As an alternative to the procedure set forth in paragraph 12(a), any party may submit to the Court on oral argument any documents previously designated as comprising or containing Confidential Information by submitting such documents to the Part clerk in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, contains documents that are submitted but not to be filed." Such documents shall be returned by the Part Clerk upon disposition of the motion or other proceeding for which they were submitted.

   c. All pleadings, briefs or memoranda that reproduce, paraphrase or disclose any documents that have previously been designated by a party as comprising or containing Confidential Information shall identify such documents by the production number ascribed to them at the time of production.

9.      **No Waiver of Judicial Protection**

Nothing herein shall prevent any Party from applying to the Court for protection from discovery requested of its Information and/or from seeking additional protection from the Court with respect to its Information.

10.     **Exception for Publicly-Available Information or Information Obtained Outside Discovery in the Litigation.**

Nothing herein does or shall be deemed in any way to restrict the disclosure or use of Information lawfully obtained or publicly available to a Party independent of discovery from a Party or non-Party in the Litigation, even if the same Information is obtained by a Party through discovery in the Litigation and designated as Confidential Information hereunder by a Party or non-Party.

11.     **Treatment of Confidential Information Upon Conclusion of Litigation**

The protections provided to Confidential Information under this Agreement shall not terminate upon conclusion of the Litigation, but rather shall survive and continue unless otherwise agreed to in writing by the Party who designated the Information as Confidential Information.

Upon the final conclusion of this Litigation, including all appeals, counsel of record in this Litigation may maintain copies of any Confidential Information, however, all Confidential Information retained by counsel shall continue to be treated as Confidential in accordance with the terms of this Agreement.

After the final termination of this action, including all appeals, all Confidential Information in the possession of the Parties, or their claims administrators, accountants, regulators, representatives, officers, attorneys, auditors, reinsurers and retrocessionaries, shall be destroyed. Written confirmation of its destruction will be circulated amongst the Parties.

**12.      Amendments**

This Agreement may not be modified or amended without written consent of all Parties hereto.

**13.      Miscellaneous**

This Agreement may be executed in counterpart originals, all of which, when so executed and taken together, shall be deemed an original and all of which shall constitute one and the same instrument.  Each counterpart signature may be delivered via facsimile or as PDF attachment to an email, and a faxed or scanned signature shall have the same force and effect as an original signature.

**14**.      The Parties represent that counsel executing this Agreement below are authorized to execute the same on behalf of their respective clients as listed below.

**15**.     This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

| | |
|---|---|
| Dated: West Conshohocken, PA<br>      October 27, 2022<br><br>*/s/ Catherine T. Begley*<br>Catherine T. Begley, Esq.<br>STEWART \| SMITH<br>300 Four Falls Corporate Center, Ste 670<br>300 Conshohocken State Road<br>West Conshohocken, PA 19428<br>cbegley@stewartsmithlaw.com<br>Attorneys for Non-Party, Onions 52, Inc. | Dated: Seattle, WA<br>      October 27, 2022<br><br>*/s/ Josh Fensterbush*<br>Josh Fensterbush, Esq.<br>Marler Clark LLP PS<br>1012 First Avenue, Fifth Floor<br>Seattle, WA 98104<br>jfensterbush@marlerclark.com<br>Attorneys for Plaintiff, Anntonnette Sartori |
| Dated: San Ramon, CA<br>      October 27, 2022<br><br><br>*/s/ Robert L. Sallander*<br>Robert L. Sallander, Esq.<br>Greenan, Peffer, Sallander & Lally LLP<br>2000 Crow Canyon Place, Suite 380<br>San Ramon, CA 94583<br>rsallander@gpsllp.com<br>Attorneys for Defendant, Thomson International, Inc. | |

IT IS SO ORDERED.

Dated:   **October 31, 2022**          _____
                                UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANNTONETTE SARTORI, an individual,<br><br>        Plaintiff<br><br>vs.<br><br>THOMSON INTERNATIONAL, INCORPORATED, a California corporation,<br>DOES ENTITIES 1-10<br><br>        Defendants. | Case No. 1:22-cv-00027-JLT-BAK<br><br><br><br>AGREEMENT WITH RESPECT TO CONFIDENTIAL MATERIAL |

<u>AGREEMENT WITH RESPECT TO CONFIDENTIAL MATERIAL</u>

I, _____, state that:

1.     My address is_____.

2.     My present employer is _____.

3.     My present occupation or job description is

_____

_____.

4.     I Acknowledge that I am about to receive confidential information supplied by Onions 52, Inc.

5.     I received a copy of the Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation") entered in the above-entitled action on _____.

6.     I have carefully read and understand the provisions of the Stipulation.

7.     I will comply with all of the provisions of the Stipulation.

8.      I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

9.      I will not utilize any stamped Confidential Information or other information subject to the Stipulation for any purpose other than this litigation.

10.     I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

11.     I understand that unauthorized disclosures of stamped confidential documents or their substance constitute contempt of court.

12.     I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

Dated: _____

_____

**PROOF OF SERVICE**
I am over the age of 18 and not a party to this action. I am a resident of or employed in

15

the county where the mailing occurred; my business address is Marler Clark LLP PS, 1012 1st Avenue, Fifth Floor, Seattle, WA 98104-1008.  On July 28, 2022, I served the foregoing document(s) described as:  **[PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION PURSUANT TO FRCP 26(c) AND L.R. 141.1** to the following parties:

Robert L. Sallander, Jr., Esq.
rsallander@gpsllp.com
Helen H. Chen, Esq
hchen@gpsllp.com
GREENAN, PEFFER, SALLANDER & LALLY LLP
2000 Crow Canyon place, Suite 3g0
Post Office Box 10
San Ramon, California 94583
Attorneys for Thompson International, Inc.


Joseph F. Bermudez, Esq,
Catherine T. Begley, Esq.
Nace Naumoski, Esq.
STEWART | SMITH
357 S. McCaslin Blvd., Ste. 225
Louisville, CO 80027
jbermudez@stewartsmithlaw.com
cbegley@stewartsmithlaw.com
nnaumoski@stewartsmithlaw.com
*Attorneys for Non-Party, Onions 52, Inc.*


[  ] (By U.S. Mail) I deposited such envelope in the mail at Las Vegas, Nevada with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

[  ] (By Personal Service) I caused such envelope to be delivered by hand via messenger service to the address above.

[  ] (By Facsimile) I served a true and correct copy by facsimile during regular business hours to the number(s) listed above. Said transmission was reported complete and without error. I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

[X] (ONLY BY ELECTRONIC TRANSMISSION) Only by e-mailing the document(s) to the persons at the e-mail address(es). This is necessitated during the declared National Emergency due to the Coronavirus (Covid-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received

within a reasonable time after the transmission. We will provide a physical copy, upon request only, when we return to the office at the conclusion of the national emergency.

     DATED: October 28, 2022.

Patrick Leary, Paralegal
Marler Clark LLP PS